The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission affirms that portion of the Opinion and Award which holds that plaintiff sustained a compensable specific traumatic incident but reverses the denial of compensation for any disability resulting from the compensable specific traumatic incident. Prior to the hearing before the Deputy Commissioner, the parties agreed that the only issue for determination was whether plaintiff had sustained a compensable injury by accident, and the parties were given no opportunity to depose medical experts. Therefore, this case is remanded to the Deputy Commissioner for the taking of the depositions of the medical experts and a subsequent decision on the issue of whether any disability resulted from the compensable injury, and, if so, the extent of that disability.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at all relevant times.
2. Commercial Union Insurance Company was the carrier on the risk.
3. The date of the injury giving rise to this claim was February 1, 1994.
4. Pursuant to the Form 22, plaintiff's average weekly wage was $259.42, which yields a compensation rate of $172.96.
5. The issue for determination is whether the plaintiff sustained an injury by accident arising out of and in the course of employment.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On January 10, 1994, plaintiff began her employment with defendant. On February 1, 1994, plaintiff was instructed to pick up a box of metal bulldog insignias which were to be installed on Mack truck mirrors.
2. On February 1, 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she hurt her back and neck lifting a box of bulldogs. On February 3, 1994, plaintiff reported the incident to Bob Hastings, her supervisor.
3. On February 4, 1994, plaintiff was referred by defendant to Dr. Brian B. Blackburn, at which time plaintiff complained of pain in the left side of her neck and in her shoulder after lifting a heavy box. As a result of the injury by accident, plaintiff has a severe cervical, back, and shoulder strain.
4. On February 8, 1994, plaintiff was authorized by Dr. Blackburn to return to work. However, after plaintiff's pain did not resolve, Dr. Blackburn referred plaintiff to physical therapy and to an orthopedist, Dr. Chewning.
5. Plaintiff continued to work until she was discharged by defendant on March 30, 1994 for reasons unrelated to the work injury.
6. Plaintiff worked at Kentucky Fried Chicken from May 30, 1994 through June 16, 1994 at wages of $4.50 per hour. She left this job because of increased pain due to heavy lifting.
7. Plaintiff began employment at Harris-Teeter on July 1, 1994 and continued to be so employed at the time of the hearing. She works 20-30 hours per week at wages of $5.00 per hour.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant on February 1, 1994, in that plaintiff sustained a specific traumatic incident of the work assigned. N.C.G.S. 97-2(6).
2. Plaintiff is entitled to payment of all medical expenses by defendant as a result of her compensable injury by accident of February 1, 1994, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability. N.C.G.S. § 97-25.
3. Plaintiff's compensable injury on February 1, 1994 entitles her to temporary total disability compensation at the rate of $172.96 per week during the period of disability to be determined by the subsequent taking of medical evidence as ordered below. N.C.G.S. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of her compensable injury by accident of February 1, 1994, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
2. Defendant shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $172.96 per week during the period of disability to be determined by the taking of subsequent medical evidence as ordered below.
3. Payment of a reasonable attorney's fee for plaintiff's counsel shall be held in abeyance, pending a determination of the compensation due plaintiff.
4. Defendant shall pay the costs due this Commission.
* * * * * * * * * * *
ORDER
This case is hereby REMANDED to Deputy Commissioner Dollar for the taking of medical testimony solely on the issues of whether, as a result of the compensable specific traumatic incident on February 1, 1994: 1) plaintiff had any temporary total disability, and, if so, to what extent 2) plaintiff's shoulder injury is causally related to her cervical problem, 3) plaintiff's disability, if any, is causally related to plaintiff's shoulder, her neck, or her back problems, 4) there was any temporary partial disability, and, if so, to what extent, and 5) there is any permanent partial disability, and, if so, to what extent.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE
COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER